**SO ORDERED: August 9, 2023.**



**Jeffrey J. Graham**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DEMONA FREEMAN, | ) | |
| | ) | |
| Debtor. | ) | Case No. 12-4713-JJG-13 |
| ─────────────────── | ) | |
| DEMONA FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 21-50006 |
| | ) | |
| PHH MORTGAGE f/k/a OWCEN | ) | |
| LOAN SERVICING, LLC., and | ) | |
| OCWEN FINANCIAL CORP., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER GRANTING DEFENDANT PHH MORTGAGE'S
### MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on the *Motion for Summary Judgment* (the "Motion") filed by Defendant PHH Mortgage f/k/a/ Ocwen Loan Servicing, LLC ("PHH") on Plaintiff/Debtor Demona Freeman's ("Debtor") *Complaint* (the Complaint"). For the reasons stated herein, the Court **GRANTS** the Motion.

**Facts and Procedural Background**

On December 2, 2003, Debtor purchased a home located at 17373 Pine Wood Lane in Westfield, Indiana (the "Property"). To finance the purchase, Debtor executed an Adjustable Rate Note (the "Note") and Mortgage (the "Mortgage") (collectively, the "Loan") with a maturity date of January 1, 2034. The Loan was subsequently assigned to the Bank of New York Mellon f/k/a the Bank of New York as successor in interest to JPMorgan Chase Bank, N.A., as Trustee for C-BASS Mortgage Loan Asset-Backed Certificates, Series 2005-RPI ("BONY").

In 2008, Debtor began experiencing financial problems that led to her falling behind on her mortgage payments under the Loan. On April 13, 2009, BONY filed a foreclosure action against Debtor in Hamilton County Superior Court under Cause No. 29D01-0904-MF-000484 (the "First Foreclosure Action"). Ocwen Loan Servicing, LLC ("Ocwen") began servicing the Loan on September 1, 2011.

In an effort to stop the foreclosure, Plaintiff and her husband filed a Chapter 13 bankruptcy petition on April 23, 2012 (the "Petition Date"). Ocwen filed a Proof of Claim on BONY's behalf asserting a secured claim in the amount of $133,064.45 and a prepetition arrearage in the amount of $22,668.03 (the "Claim"). The United States Trustee objected to certain portions of the Claim, and the Court ultimately entered an order that disallowed $10,289 from BONY's claimed pre-petition arrearage and allowed the remaining pre-petition arrearage in the amount of $12,378,10. The Court also disallowed a $300.00 fee claimed on BONY's behalf related to BONY's defense of the claim objection.

Debtor's Chapter 13 case proceeded, with the Chapter 13 trustee making payments to BONY through Ocwen for both the allowed pre-petition arrearage and ongoing post-petition mortgage payments. On April 12, 2017, the trustee filed a Notice of Final Cure Payment indicating that all allowed pre-petition amounts due under the Loan had been paid, along with all post-petition mortgage payments up to the date of the Notice. Ocwen filed a Response to the Notice of Final Cure Payment pursuant to Federal Rule of Bankruptcy Procedure 3002.1 agreeing with the trustee's Notice and indicating that the Loan would be due for its May 1, 2017 mortgage payment. The Court issued Debtor a discharge on November 21, 2017.

In February of 2018, Ocwen undertook a reconciliation process of the Loan. During that process, Ocwen failed to remove amounts that had been disallowed by the Court in ruling on the United States Trustee's objection to BONY's proof of claim. As a result of this error, the Loan appeared to be delinquent even though it was not. This, in turn, triggered property inspections and the beginning of another foreclosure process in May of 2018. During a June 2018 telephone call, Ocwen informed Debtor that it would only accept a full reinstatement payment and not a regular monthly payment.

Soon thereafter, Debtor began pursuing her rights and remedies under the Real Estate Settlement Procedure Act ("RESPA"), first by sending Ocwen a Request for Information and, later, a series of Notices of Error. Debtor then initiated an action against BONY and Ocwen in the United States District Court for the Southern District of Indiana on various theories, including violation of the

3

"discharge injunction," breach of contract, the Fair Debt Collection and Truth in Lending Acts, and RESPA. In January of 2020, the District Court dismissed some of Debtor's claims, including her claim for violation of the discharge injunction.

On January 15, 2021, Debtor filed the instant adversary proceeding against Ocwen Financial Corporation ("OFC") and PHH, which had assumed responsibility from Ocwen for servicing the Loan on June 1, 2019 (the "Complaint").

In the Complaint, Debtor asserts two causes of action: (1) violation of the 11 U.S.C. § 524's discharge injunction ("Count I"); and (2) violation of RESPA ("Count II"). PHH has moved for summary judgment as to both counts.[1] However, after the Motion was fully briefed, the parties filed a Stipulation of Dismissal as to Count II. As such, this Order need only address Count I.

## Jurisdiction

This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (J). This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. § 1334(b). Plaintiff has consented to the Court's entry of a final judgment or ruling; PHH has not.

## Summary Judgment Standard

Summary judgment is appropriate if the pleadings and affidavits on file show there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). At the summary judgment stage, the court's role is not to weigh the evidence and determine the truth of the matter, but

---

[1] OFC also filed a Motion for Summary Judgment, which was unopposed by Debtor. The Court has granted OFC's motion by separate order.

4

to determine whether there is a genuine issue for trial—"whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A factual dispute is "genuine" only if there is sufficient evidence for a reasonable fact-finder to find in favor of the nonmoving party. *Id*. at 248. For a fact to be material, it must be "outcome determinative under governing law." *Contreras v. City of Chi.*, 119 F.3d 1286, 1291-92 (7th Cir. 1997).

The moving party bears the burden of establishing that there is no genuine issue about any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether there is a genuine issue of material fact, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *E.E.O.C. v. Sears, Roebuck & Co.*, 233 F.3d 432, 436-37 (7th Cir. 2000). While the Court views the record in the light most favorable to the non-moving party, the non-moving party must still point to specific evidence that would be admissible at trial, which "could support judgment in [non-movant's] favor . . . ." *Marr v. Bank of Am., N.A.*, 662 F.3d 963, 966 (7th Cir. 2011).

## Discussion and Decision

PHH argues on summary judgment that Debtor's claim for violation of the discharge injunction must fail because § 524 does not provide a private right of action for such violations and that an adversary proceeding is not the appropriate

manner in which to seek contempt. The Court readily agrees. *See Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 915 (7th Cir.2001) (Code § 524 does not create a private right of action); *Enodis Corp. v. Employers Ins. of Wausau (In re Consol. Indus.)*, 360 F.3d 712, 716 (7th Cir. 2004) ("[A]n adversary proceeding is not the proper vehicle to present a contempt claim, as civil contempt is a method of enforcing a court order, not an independent cause of action.").

## Conclusion

Based on the foregoing, the Court grants the Motion as to Count I. The Court will issue a judgment consistent with this Order contemporaneously herewith. The Court notes that while PHH did not consent to the Court's entry of a final judgment or orders, the Court does not believe it needs PHH's consent in order to issue a final judgment or order as to Count I. The effect of the discharge is a "core" proceeding, *see In re Kewanee Boiler Corp*, 270 B,R. 912, 917 (Bankr. N.D. Ill. 2002), and Debtor's claim does not implicate the concerns raised by *Stern v. Marshal*, 654 U.S. 462 (2011).

###